FILED

January 26, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:27 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **DAVID WILLIAMS** | ) | **Docket No.: 2015-05-0235** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 75284-2014** |
| **NISSAN NORTH AMERICA, INC.** | ) | |
| **Employer,** | ) | **Judge Dale Tipps** |
| **And** | ) | |
| **SAFETY NAT. CAS. CORP.** | ) | |
| **Insurance Carrier.** | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

This matter came before the undersigned workers' compensation judge on January 13, 2016, on the Request for Expedited Hearing filed by the employee, David Williams, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is the compensability of Mr. Williams' right arm and shoulder injury and his entitlement to medical and temporary disability benefits. The central legal issue is whether Mr. Williams is likely to establish at a hearing on the merits he suffered an injury arising primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court finds Mr. Williams is not entitled to the requested benefits at this time.

### History of Claim

Mr. Williams is a forty-nine-year-old resident of Rutherford County, Tennessee. He reported a left arm and shoulder work injury to Nissan in June 2014. Nissan accepted the claim and provided benefits. Mr. Williams treated with authorized treating physician (ATP), Dr. Jeffrey Hazlewood, received a rating, and settled the claim. (Ex. 8.) While still treating for his left arm and shoulder claim, Mr. Williams reported injuries to his right elbow and right shoulder on September 18, 2014. (Ex. 1.)[1] Nissan provided a panel of physicians, and Mr. Williams again selected Dr. Hazlewood. (Ex. 4.)

---

[1] During the hearing, Nissan's attorney questioned whether Mr. Williams intended to include current left elbow and shoulder problems in this claim. Mr. Williams' attorney stated that, for the purposes of this Expedited Hearing, the only injuries at issue were the right arm and shoulder.

1

On October 1, 2014, Mr. Williams went to Dr. Hazlewood for evaluation of right shoulder and elbow pain that began four days before he reported it to Nissan. Mr. Williams described a gradual onset of pain that he attributed to repetitive motion at work. Dr. Hazlewood examined Mr. Williams and found:

> Generalized right shoulder girdle pain and right lateral elbow pain. I don't really get a lateral epicondylitis on exam, but just some tenderness around the elbow itself without swelling. I don't find any evidence of ligament or tendon rupture. The shoulder seems to be more of a generalized rotator cuff tendinitis type syndrome and possibly impingement. I do not find any suggestion of rotator cuff tear.

(Ex. 7.)

> Dr. Hazlewood went on to note:

> First of all, I am asked to address causation. I just don't see how this is a "true work related event," and certainly there is no structural anatomical injury from a "harmful event at work," in my opinion. He feels it is due to compensation. I can't call it a repetitive overuse type phenomenon given the fact that he has been working the same job he has worked for quite awhile [sic], and he never had any problems before. One can call this a compensation effect, but per the research literature a compensation effect does not cause a work compensable injury/structural injury. Also, I don't really think there is a structural injury here as much as just either idiopathic shoulder pain and elbow pain vs. soreness in the muscles from using his arm more on the right. . . . I expressed all these opinions to him the best I could in terms of causation. I cannot state this is a work related injury, especially with the new laws that have come out July 1st.

Dr. Hazlewood made some suggestions as to conservative treatment and released Mr. Williams with no restrictions. *Id.*

Based on Dr. Hazlewood's findings, Nissan denied Mr. Williams' claim on October 9, 2014. (Ex. 3.) Mr. Williams then sought unauthorized treatment with Dr. Roderick Vaughan. (Ex. 8.)

Dr. Vaughan first saw Mr. Williams on October 20, 2014, for complaints of right elbow and shoulder pain since June 2014. Mr. Williams associated the problem to increased use of his right arm since his left arm surgery. He also reported intermittent numbness. Based on his examination, as well as MRIs and electrodiagnostic studies, Dr. Vaughan diagnosed right rotator cuff syndrome, right lateral epicondylitis/tendinopathy,

2

and right cubital tunnel syndrome. He performed right lateral epicondylar debridement and ulnar nerve decompression surgery on December 11, 2014. (Ex. 10.)

Mr. Williams filed a Petition for Benefit Determination seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr. Williams filed a Request for Expedited Hearing, and this Court heard the matter on January 13, 2016.

At the Expedited Hearing, Mr. Williams relied on the history contained in Dr. Hazlewood's October 1, 2014 note. He noted the history is consistent with Mr. Williams' affidavit that he suffered a repetitive use injury to his right arm and shoulder while working for Nissan. He further argued the Court should disregard Dr. Hazlewood's causation opinion because the doctor provided a legal conclusion, rather than a medical opinion. Based on the totality of the medical evidence, along with Mr. Williams' own statements, he contended he is likely to satisfy his burden of proving a compensable gradual injury.

Nissan countered that, as the ATP, Dr. Hazlewood's causation opinion is statutorily presumed to be correct, and Mr. Williams submitted no medical evidence sufficient to overcome that presumption. As a result, the medical proof establishes that Mr. Williams right elbow and shoulder condition was not primarily caused by his work. Alternatively, Nissan argued that it is entitled to an offset against any temporary disability award for payments made to Mr. Williams under its employer-funded disability plan.

### Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). In general, an employee bears the burden of proof on all prima facie elements of his or her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). At an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2014). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in

3

the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). Injury is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2015). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(14)(B) (2015).

Mr. Williams selected Dr. Hazlewood from a panel of physicians provided by Nissan. Therefore, Tennessee Code Annotated section 50-6-102(14)(E) (2015) establishes a rebuttable presumption of correctness for Dr. Hazlewood's causation opinion that Mr. Williams' condition is not work related.

Mr. Williams objected to Dr. Hazlewood's causation analysis, arguing it is more legal conclusion than medical opinion. Mr. Williams is correct that Dr. Hazlewood's report is not the epitome of clarity. However, the October 1, 2014 record states: "I just don't see how this is a 'true work related event,' and certainly there is no structural anatomical injury from a 'harmful event at work[,]'" and, "I can't call it a repetitive overuse type phenomenon given the fact that he has been working the same job he has worked for quite awhile [sic], and he never had any problems before." Dr. Hazlewood went on to say he believed Mr. Williams' problems were either idiopathic shoulder pain and elbow pain or sore muscles. Dr. Hazlewood's references to the new law aside, he expressed his opinion that Mr. Williams suffered no acute injury and no repetitive use injury.

Mr. Williams argued Dr. Hazlewood's subsequent records belie his conclusion that the injuries are not work-related. He contended the October 8, 2014 treatment note shows that his condition worsened because of his use of the arm at work. Mr. Williams relied on Dr. Hazlewood's notation that he "returns for the same problems" and "[h]e is actually some worse than the last visit." Mr. Williams' reliance on these records is misplaced. The October 8, 2014 record clearly states in several places that Mr. Williams' complaints and Dr. Hazlewood's examination and treatment were related to the left arm and shoulder only.

Dr. Vaughan's diagnoses of right rotator cuff syndrome, right lateral

4

epicondylitis/tendinopathy, and right cubital tunnel syndrome are certainly more extensive than that of Dr. Hazlewood. However, Dr. Vaughan's records are void of any causation opinion, much less any opinion relating these problems to Mr. Williams' work. The Court cannot substitute its medical opinion, or that of Mr. Williams, for the professional opinion of Dr. Hazlewood. Absent a contrary medical opinion, Mr. Williams cannot rebut the presumption of correctness afforded Dr. Hazlewood's opinion by the statute. *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Tenn. Workers' Comp. App. Bd. Aug. 8, 2015).

Therefore, as a matter of law, Mr. Williams has not come forward with sufficient evidence from which this Court may conclude he is likely to prevail at a hearing on the merits. The Court must deny his requests for medical and temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Williams' claim against Nissan and its workers' compensation carrier for the requested medical and temporary disability benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on March 2, 2016, at 9:00 a.m.

ENTERED this the 26th day of January, 2016.

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

Please Note: **You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. C-20 First Report of Injury
2. C-41 Wage Statement
3. C-23 Notice of Denial
4. C-42 Choice of Physician Form
5. Affidavit of Sheila Taylor
6. Employee/Manager Medical Statement
7. Records of Dr. Jeffrey Hazlewood
8. Affidavit of David Williams
9. Medical Bills (Identification only)
10. Records of Tennessee Orthopaedics
11. May 13, 2015 letter from Dr. Roderick Vaughan (Identification only)

Technical record:[2]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Benefits was sent to the following recipients by the following methods of service on this the 26th day of January, 2016.

| Name | Certified Mail | Fax Number | Via Email | Email Address |
|------|----------------|------------|-----------|---------------|
| Marshall McClarnon, Esq. | | | X | marshall@poncelaw.com |
| Thomas Tucker, Esq. | | | X | tomtucker@bellsouth.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

9